## TUCKER v. DUDLEY.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

ESCROW—CONDITIONS—AUTHORITY OF DEPOSITARY TO DELIVER.

In an action by a husband for criminal conversation, he delivered to defendant's attorney a release in escrow, the papers to be delivered to defendant when in the event of plaintiff's wife obtaining a judgment againsa him in a pending divorce suit, she should give a general release for all alimony awarded. *Held*, that a delivery of the release to defendant at the termination of the divorce suit in favor of the husband was not warranted.

[Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Escrows, §§ 8, 16, 17.]

Hooker, J., dissenting.

Appeal from Trial Term, Kings County.

Action by Edwin H. Tucker against Eugene B. Dudley. From a judgment dismissing the complaint, plaintiff appeals. Reversed.

Argued before JENKS, HOOKER, RICH, MILLER, and GAYNOR, JJ.

Frederick W. Sparks and Leonard J. Reynolds, for appellant.

Lorlys Elton Rogers (Lewis Stuyvesant Chanler, on the brief), for respondent.

GAYNOR, J. This plaintiff had two actions pending, viz., this present one for crim. con. by the defendant with his wife, and another by his wife against him for an absolute divorce, in which he also

prayed for an absolute divorce against her for her adultery with this defendant. He delivered to the attorney for the defendant in this present action a consent of discontinuance and a general release of this cause of action, in escrow, however, the written terms of the escrow being that the attorney should hold the said papers until the trial and determination of the action for divorce, and in the event of this plaintiff's wife getting a judgment therein, she was to give him a general release for all alimony awarded her by such judgment, whereupon the said attorney was to deliver the said papers out of escrow to this defendant. And these were the final words of the terms: "Unless all of the above conditions come to pass, then the said general release and order (sic.) of discontinuance to be returned to me."

The plain meaning of this was that if his wife prevailed in the divorce action and got judgment against him for alimony this plaintiff would be willing to release this defendant provided this plaintiff's wife released him from the payment of the alimony. The consideration for releasing this defendant from the cause of action for crim. con. was to be the release of this plaintiff by his wife from the alimony judgment if she obtained it.

But instead of the wife prevailing in the divorce action this plaintiff prevailed against her and got judgment of absolute divorce. As the papers were held in escrow to be delivered only on the event of his wife getting judgment of alimony against him, and releasing the same, they were unlawfully delivered out of escrow for the reason that the event never happened. Moreover, the consideration which the plaintiff was to get for his general release to Dudley never came into being, and was not and cannot be given. The fact that he prevailed in the divorce action cannot be substituted for the consideration. That was not the agreement. His freedom from liability for alimony did not come to him by a release from his wife; he won it by trial in court and it is his. He has got what he was looking to get through his agreement with this defendant if his wife had prevailed over him in the divorce action, but he did not get it through that agreement. This defendant never rendered the consideration which he was to render in order to get the general release.

The judgment should be reversed.

Judgment reversed, and new trial granted; costs to abide the event. All concur, except HOOKER, J., who dissents.